176 F.3d 467
 99 Cal. Daily Op. Serv. 3289, 1999 Daily
Journal D.A.R. 4252
CONFEDERATED TRIBES & BANDS OF THE YAKAMA INDIAN NATION, a
federally recognized Indian Tribe, Plaintiff-Appellant,
v.
Gary LOCKE, in his official capacity as Governor of the
State of Washington; State of Washington, a state
of the United States of America,
Defendants-Appellees.
 No. 97-35314.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 8, 1998.
Decided May 6, 1999.
 
 Jerome L. Levine, Levine & Associates, Los Angeles, California, for the plaintiff-appellant.
 Jonathan T. McCoy, Assistant Attorney General, Olympia, Washington, for the defendants-appellees.
 Sanford Svetcov, Landels, Ripley and Diamond, San Francisco, California, for amicus curiae GTECH Corp.; Raymond C. Givens, Givens, Funke & Work, Coeur d'Alene, Idaho, for amicus curiae Coeur d'Alene Tribe.
 Appeal from the United States District Court for the Eastern District of Washington; Alan A. McDonald, District Judge, Presiding. D.C. No. CV-95-03077-AAM.
 Before: CANBY and TASHIMA, Circuit Judges, and TAKASUGI,[1] District Judge.
 CANBY, Circuit Judge:
 
 
 1
 This appeal attempts to raise the question whether the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701-21, provides an avenue by which an Indian tribe may exclude a state lottery from its reservation. We do not reach that question, however, because we conclude that the Eleventh Amendment renders the defendants, the State of Washington and its governor, immune from this suit in federal court without their consent.
 
 BACKGROUND
 
 2
 The Confederated Tribes and Bands of the Yakama Indian Nation ("the Tribe") brought this action in the district court against the State of Washington and its governor in 1995. The complaint set forth three claims. Two of them sought to compel the State and the governor to negotiate a tribal-state gaming compact authorizing the Tribe to conduct Class III[2] gaming operations on its reservation. See IGRA, § 2710(d)(7). The remaining claim sought damages and other appropriate relief for the State's operation of the state lottery on the reservation, an operation that the Tribe asserted to be in violation of IGRA, § 2710(d)(1).
 
 
 3
 Events then overtook the litigation. The Supreme Court of the United States decided Seminole Tribe v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). That decision held that Congress lacked the power to waive the States' Eleventh Amendment immunity from suit in federal court, as it had attempted to do in IGRA, § 2710(d)(7). Meanwhile, negotiations between the Yakama Tribe and the State bore fruit; a tribal-state compact was successfully negotiated.[3] The Tribe accordingly agreed to the dismissal, on the ground of mootness, of its two claims seeking to compel negotiation of a compact.
 
 
 4
 The third claim regarding the state lottery remained, however, and neither party argues that the compact addresses that claim. The State moved to dismiss the claim, and the district court granted the motion. The district court held that, although IGRA requires tribal licensing of "gaming activities owned by any person or entity other than an Indian tribe and conducted on Indian lands," 25 U.S.C. § 2710(b)(4)(A),[4] IGRA did not apply to state-operated gaming because it neither specified that it applied to State operations nor reflected an intent to do so. Because IGRA did not apply to state-operated gaming, it provided no cause of action upon which the Tribe could base its claim. The court accordingly dismissed the complaint with prejudice for failure to state a claim. The Court also stated in its order that the State was immune under the Eleventh Amendment, and that it was unnecessary to decide whether the governor was similarly immune. The Tribe moved for reconsideration, urging that it should be allowed to amend its complaint to seek injunctive relief. The district court denied reconsideration, stating that an amendment would be futile because IGRA provided no cause of action. The Tribe appeals.
 
 DISCUSSION
 
 5
 We agree with the district court that this claim must be dismissed, but only on the ground of the Eleventh Amendment.[5] Although the Eleventh Amendment is not a limitation on the Article III jurisdiction of the federal courts, see Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 117 S.Ct. 2028, 2033, 138 L.Ed.2d 438 (1997), it "partakes of the nature of a jurisdictional bar" sufficiently that an appellate court may raise the issue on its own motion. Edelman v. Jordan, 415 U.S. 651, 678, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Here the State and its governor have urged the defense from the beginning, and we deem it appropriate to treat it as a threshold issue.
 
 
 6
 To the extent that the Tribe's lottery claim is asserted directly against the State without its consent, it clearly is barred from federal court by the Eleventh Amendment, whether the relief sought is damages or an injunction. Seminole Tribe, 116 S.Ct. at 1124. Similarly, the Tribe's claim for damages against the governor in his official capacity is barred by the Eleventh Amendment, because any such judgment would run against the State's treasury. See Edelman v. Jordan, 415 U.S. at 663; Romano v. Bible, 169 F.3d 1182, 1999 WL 95491, * 2 (9th Cir.1999).
 
 
 7
 The Tribe contends, however, that it should have been allowed to seek injunctive relief against the governor under the doctrine of Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). That doctrine permits actions to be brought in certain circumstances for injunctive relief against state officers who are acting in violation of federal law. Ex Parte Young included an important qualification, however, that is fatal to the Tribe's claim:
 
 
 8
 In making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional it is plain that such officer must have some connection with the enforcement of the act, or else it is making him a party as a representative of the State, and thereby attempting to make the State a party.
 
 
 9
 Id. at 157. The latter, impermissible alternative is precisely what the Tribe is attempting to do here.
 
 
 10
 The complaint contains no allegations that the governor is charged with operating the state lottery, and the state statutes governing the lottery suggest why. Those statutes establish the Washington State Lottery as a separate state agency, which is operated by an independent Commission whose members are appointed for six-year terms. Wash. Rev.Code §§ 67.70.030, 67.70.040. Among the Commission's duties is the determination of the types of locations at which tickets may be sold. Id., § 67.70.050(1). Nowhere in these statutes is there any indication that the governor has the responsibility of operating the state lottery or determining where its tickets will be sold. Because the governor lacks the requisite connection to the activity sought to be enjoined, he serves "merely ... as a representative of the state," and the Tribe is "thereby attempting to make the state a party." Ex Parte Young, 209 U.S. at 157; see also Rounds v. Oregon State Board of Higher Education, 166 F.3d 1032, 1036 nn. 2 & 3 (9th Cir.1999).[6] An amendment of the Tribe's complaint to seek injunctive relief against the governor therefore would have been unavailing; the governor would still have continued to share the State's Eleventh Amendment immunity from unconsented suit in federal court.[7]
 
 CONCLUSION
 
 11
 Because this action is so clearly barred from federal court by the Eleventh Amendment, we deem it an inappropriate vehicle for the determination of the more complex issues raised by the Tribe and responded to by the State. We therefore do not address, and express no opinion on, the questions whether the operation of the state lottery on the Yakama Reservation violates IGRA, and whether, if so, IGRA gives rise to an implied right of action in the Tribe to remedy the condition.
 
 
 12
 For the same reason, we vacate the judgment of the district court dismissing the action for failure to state a claim, and remand with instructions to dismiss the action solely on the ground of the Eleventh Amendment. The State is awarded its costs on this appeal.
 
 
 13
 VACATED AND REMANDED, WITH INSTRUCTIONS.
 
 
 
 [1]
 The Honorable Robert M. Takasugi, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [2]
 IGRA creates three classes of gambling: Class I includes social games for prizes of minimal value or traditional games; Class II includes bingo and non-banked, non-electronic card games; Class III includes all other forms of gaming. See 25 U.S.C. § 2703
 
 
 [3]
 The compact is not in the record. We are not informed when it was executed
 
 
 [4]
 Although § 2710(b) applies to Class II gaming, it is made applicable to Class III gaming by § 2710(d)(1)(A)(ii)
 
 
 [5]
 We do not reach the primary ground relied on by the district court in its dismissal order
 
 
 [6]
 Our conclusion that the governor is insufficiently connected to the challenged activity makes it unnecessary to explore the validity of the State's alternative contention that Seminole Tribe precludes generally the application of Ex Parte Young to cases brought under IGRA
 
 
 [7]
 The Tribe in its reply brief argues that it should be given an opportunity to amend its complaint to state a claim under 42 U.S.C. § 1983. That argument is not only untimely, but futile. Section 1983 similarly imposes liability only upon a defendant who participates individually in the activity that allegedly violates federal law. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); Rounds, 166 F.3d at 1036 nn. 2 & 3